X FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 1 6 2001

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GTE Mobilnet Service Corp., a Delaware corporation, | No. CIV 00-1143-PHX-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| Cellexis International, Inc., an Arizona corporation, et al.; | |
| Defendants. | |

01cv10793WGY

    The issues presented in this lawsuit actually originated four years ago in this district by virtue of a lawsuit Cellexis filed against GTE, CIV 96-0810-PHX-EHC ("Cellexis I"). That lawsuit was resolved by the execution of a Settlement Agreement, which contained a covenant by Defendant Cellexis never again to bring or assert claims against Plainitff, any GTE Partnerships or any of their respective successors and assigns, related to prepaid cellular technology. (See PSOF, Ex. 6 ¶¶ 7.1, 7.2 at 7.)

    Plaintiff could have requested that Judge Earl Carroll retain jurisdiction over the case, in the event of further litigation. Nevertheless, Plaintiff did not and less than a year after execution of the Settlement Agreement Cellexis breached it by bringing a claim against a GTE Partnership. (See PSOF, Ex. 2.) GTE then commenced an action in this district, this time before Judge Roslyn O. Silver, to enforce the Agreement. CIV 97-703-PHX-ROS

1  ("Celexis II"). Judge Silver issued first a preliminary injunction and then ultimately a
2  permanent injunction prohibiting Defendant Cellexis "from maintaining any action barred
3  by the Settlement Agreement." (PSOF, Ex. 2.) At the conclusion of Cellexis II, Plaintiff
4  could have requested that Judge Silver retain jurisdiction over the case in the event of further
5  litigation, but again, Plaintiff's failed to do so.

6  On March 30, 2000, Defendants filed a lawsuit in the Northern District of California,
7  which was subsequently transferred to the District of Massachusetts in Boston. In response,
8  Plaintiff filed this action on June 15, 2000, alleging that the District of Massachusetts lawsuit
9  violated the Settlement Agreement and Judge Silver's Permanent Injunction. The case at bar
10 can appropriately be labeled Cellexis III.

11 The Court notes the considerable waste of judicial resources that has occurred because
12 Plaintiff failed to have Judge Carroll retain jurisdiction over the case after Cellexis I, and
13 because Plaintiff failed to have Judge Silver retain jurisdiction over the case after Cellexis
14 II. Consequently, Cellexis III is now before a third Judge in the District of Arizona.

15 Moreover, there is the matter of the earlier filed case pending in the District of
16 Massachusetts. The patent at issue in the Massachusetts lawsuit either involves the same
17 prepaid cellular technology covered by the Settlement Agreement or it is new technology that
18 is outside the Settlement Agreement prohibitions. In any event, if Plaintiff believes that the
19 Massachusetts lawsuit is in violation of the Settlement Agreement and the Permanent
20 Injunction, then Plaintiff is free to assert both of those documents in the District of
21 Massachusetts. Accordingly,

22 **IT IS ORDERED** that this action be transferred to the United States District Court
23 for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) based upon its relatedness
24 to the earlier filed patent action.

25 **IT IS FURTHER ORDERED** that Defendants' Motion to Stay or Dismiss (Docs.
26 26-1 and 26-2) is denied as moot.

1     **IT IS FURTHER ORDERED** that Plaintiff's Motion to Substitute Cellco
2 Partnership and Plaintiff's Motion for Preliminary Injunction are denied without prejudice
3 to Plaintiff refiling the motion to be heard and decided by the United States District Court
4 for the District of Massachusetts.

5     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Order of Contempt is
6 denied without prejudice.

7     DATED this _15_ day of _March_, 2001.

_[signature]_
Stephen M. McNamee
Chief United States District Judge

I hereby attest and certify on 4/5/01 that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
By _[signature]_ Deputy